## John G. Ballance v. City of Peoria.

1. FORMER DECISIONS—*Approved and Followed.*—The court holds that the evidence in this case discloses substantially the same state of facts as appeared in the case of City of Peoria v. Ballance, 61 Ill. App. 369, and that the principles announced in the opinion in that case are decisive of this.

**Debt**, for rent. Appeal from the Circuit Court of Peoria County; the Hon. THOMAS M. SHAW, Judge, presiding. Heard in this court at the December term, 1896. Affirmed. Opinion filed June 26, 1897.

McCULLOCH & McCULLOCH, JAMES M. RICE and M. E. BIXLER, attorneys for appellant.

W. T. IRWIN, city attorney, for appellee.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

Appellant brought his action of debt against appellee to recover rent alleged to be due upon a lease for parts of lots 4 and 5, in Bigelow and Underhill's addition to Peoria; the premises consisting of water lots contiguous to the bridge of appellee, across the Illinois river, on Bridge street in the city of Peoria.

A jury being waived, the cause was tried by the court, who found the issues for appellee, and rendered judgment accordingly.

The suit is upon the same lease, and we think the evidence in the record discloses substantially the same state of facts as appeared in the case of City of Peoria v. Ballance, 61 Ill. App. 369, in which this court reversed a judgment in favor of appellant, upon the lease and evidence then in the record.

Appellant insists that the facts now appearing in the record, are essentially different to what the evidence showed them to be when the case was previously before us. He also insists that the decision in that case was made under a misapprehension of the facts.

A careful examination of the present record fails to satisfy us that the evidence in this case is so different to what it was upon the former trial, as to require a contrary holding to that announced in our former opinion, and we deem it unnecessary to here again recite the facts. We are satisfied with the principles announced in the opinion referred to, and if they are correct then they are decisive of the case at bar.

Much complaint is made as to the action of the court in passing upon propositions of law, but as we are of the opinion the trial court reached a correct conclusion in its final judgment, we deem it unnecessary to examine in detail the holdings upon the numerous propositions of law submitted.

The judgment of the Circuit Court will be affirmed.